**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE DIVISION**

| | |
|---|---|
| SHERMECKA DUBOSE AND RENEE PIPKINS, individually, and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br>  vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Company; and STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company,<br><br>         Defendants. | Case No.: 3:16-cv-83<br><br>**COMPLAINT – CLASS ACTION**<br><br>Violation of Louisiana Insurance Bad Faith Statute (La. Rev. Stat.§ 22:1973)<br><br>**Jury Trial Demanded** |

Plaintiffs, Shermecka Dubose and Renee Pipkins, each individually and on behalf of all other members of the public similarly situated (collectively, "Plaintiffs"), allege as follows, on information and belief:

**INTRODUCTION**

1. This is a class action seeking statutory penalties for State Farm's uniform policy and practice of misrepresenting to third-party claimants pertinent facts and/or insurance policy provisions concerning the amount of insurance coverage available to a State Farm policyholder, in violation of Louisiana Revised Statute §22:1973(B)(1). Specifically, State Farm uniformly *conceals* from third-party claimants the existence of its Excess Assurance Protection ("EAP") program, which increases the liability coverage available to policyholders. In so doing, State Farm gains an improper advantage in the negotiation of a disputed claim asserted by a third-party claimant.

2. Louisiana Revised Statute Section §22:1973(B)(1) expressly prohibits all insurers from "misrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue." An insurer's obligation under this section extends to *both* a policy holder *and* a third-party claimant. Because of that statutorily mandated duty, third-party claimants reasonably rely on the accuracy of State Farm's disclosures of coverages and policy limits. Indeed, the amount of insurance coverage available is fundamental to a third-party claimant's decision to resolve a claim.

## PARTIES

3. Plaintiff, Shermecka Dubose, is an individual who resides and is domiciled in the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana. Ms. Dubose was a third-party claimant in an action in which State Farm Fire misrepresented to Ms. Dubose pertinent facts concerning the amount of coverage available to its pertinent insured pursuant to a State Farm Fire policy prior to Ms. Dubose settling her third-party claim against State Farm Fire and its pertinent insured, with the settlement of said third-party claim evidenced by a Receipt and Release signed by Ms. Dubose in favor of State Farm Fire and its pertinent insured on June 15, 2015.

4. Plaintiff, Renee Pipkins, is an individual who resides and is domiciled in the City of Shreveport, Parish of Caddo, State of Louisiana. Ms. Pipkins was a third-party claimant in an action in which State Farm Auto misrepresented to Ms. Pipkins pertinent facts concerning the amount of coverage available to its pertinent insured pursuant to a State Farm Auto policy prior to Ms. Pipkins settling her third-party claim against State Farm Auto and its pertinent insured, with the settlement of said third-party claim evidenced by a Receipt and Release signed by Ms. Pipkins in favor of State Farm Auto and its pertinent insured on April 29, 2015.

5. Defendant State Farm Mutual Automobile Insurance Company ("State Farm Auto") is an insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois, but authorized to do and doing business in every parish in the State of Louisiana and which can be served with citation and process through its registered agent for service of process, the Louisiana Secretary of State.

6. Defendant State Farm Fire and Casualty Company ("State Farm Fire") is an insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois, but authorized to do and doing business in every parish in the State of Louisiana and which can be served with citation and process through its registered agent for service of process, the Louisiana Secretary of State.

7. As sued herein, "Defendants" or "State Farm" shall mean the above-named Defendants, including all entities through which they do business and its predecessors, successors, affiliates, representatives, attorneys, employees, and/or assigns who, in concert and/or acting as agents for one another engaged in the conduct complained of herein.

8. Plaintiffs are informed and believe and thereon allege that Defendants were at all relevant times acting as actual agents, conspirators, ostensible agents, alter-egos, partners and/or joint venturers and/or employees of each and the other, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, because the proposed class consists of 100 or more members, and minimal diversity exists.

10. This Court has personal jurisdiction over the Defendants because they are authorized to do business and, in fact, do business in this district and have sufficient minimum contacts with this district, and Defendants intentionally avail themselves of the markets in this state through the promotion, marketing and sale of insurance policies in this district, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to these claims occurred in this district, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTS RELEVANT TO ALL CLAIMS

12. State Farm is a group of insurance and financial services companies in the United States and Canada. State Farm has corporate headquarters in Bloomington, Illinois.

13. State Farm was ranked 44th in the 2013 Fortune 500, which lists American companies by revenue. For many years it has executed policies with insureds, and has compromised and settled liability claims made against them and their insureds by third-party claimants, within the State of Louisiana.

14. In dealing with State Farm, Plaintiffs and third-party claimants rely on the accuracy of information, especially policy provisions and coverage limits information

communicated by State Farm in litigation over a disputed claim. Indeed, State Farm has an obligation under both the Federal Rules of Civil Procedure and the Louisiana Code of Civil Procedure to disclose to a third party claimant any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment. These communications contain key information, including but not limited to the named insured, the policy period, available coverages and purported policy limits.

15. A major factor, if not *the* major factor, in a third-party claimant's decision whether to compromise and settle a claim is the amount of policy limits or coverage that State Farm represents is available to satisfy such claim. Yet, State Farm maintains a policy and procedure to misrepresent and conceal the amount of coverage available under their policies.

16. It is State Farm's company policy to *never* disclose the existence of EAP to third-party claimants, in violation of its duty under Louisiana Revised Statute §22:1973(B)(1). Through EAP, State Farm attempts to shield itself from bad faith liability claims that may otherwise be asserted against State Farm by an insured for failing to resolve a claim where there is a reasonable risk of judgment in excess of the policy limits. The EAP program increases the amount of the insured's coverage up to the amount of any judgment entered, even if that amount is in excess of the disclosed policy limits. EAP indisputably represents additional insurance coverage, above and beyond those policy limits disclosed to third-party claimants. Indeed, State Farm internally accounts for and categorizes EAP payments as *bodily injury coverage payments* under an insured's policy. Furthermore, State Farm *includes* EAP payments in the *bodily injury liability coverage* claims information it submits to various state agencies to support, substantiate or justify its bodily injury liability base rates, upon which insurance premiums are calculated and approved.

17. Thus, Plaintiffs and Class Members have been deliberately misled as to the amount of coverage available under applicable policies.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class (the "Class"):

> All Louisiana residents who filed suit against a State Farm insured and whose claim was settled at or below State Farm's stated policy limits.

19. This action can be maintained as a class action under Federal Rule of Civil Procedure 23(a)(1)-(4) because there is a well-defined community of interest in the litigation and the proposed class members are ascertainable.

20. **Ascertainability**. Names and addresses of members of the class are available from State Farm's records because each class member settled his/her claim with State Farm or its insured. Notice can be provided to members of the class through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under Louisiana state law and federal law.

21. **Numerosity.** Upon information and belief, State Farm has issued more policies of liability insurance within the State of Louisiana than any other insurer and has settled more claims/lawsuits seeking recovery of money damages than most, if not all, other insurers doing business in the State of Louisiana. Accordingly, upon information and belief, Class Plaintiffs in this case number in the thousands. Joinder of all Class Members is therefore impracticable under Federal Rule of Civil Procedure 23(a)(1). The exact number of Class Action Plaintiffs will become known through discovery.

22. **Common Questions Predominate.** Common questions of law and fact affect the rights of each member of the class and a common remedy by way of permissible damages

6

and/or injunctive relief is sought for the class. There are numerous and substantial questions of law and fact common to all members of the class, which will predominate over any individual issues thereby satisfying Federal Rule of Civil Procedure 23(a)(2). These common questions of law and fact include, without limitation:

    a.    Whether State Farm misrepresented its available coverages to third-party claimants;

    b.    Whether State Farm maintained a policy and practice of misrepresenting and/or concealing its available coverages and/or its policy limits by obfuscating or concealing EAP coverages;

    c.    Whether State Farm, through a policy and practice, failed to disclose the existence and import of EAP to third-party claimants;

    d.    Whether State Farm owes a duty to third-party claimants under Louisiana Revised Statute 22:1973 *et seq.*; and

    e.    Whether State Farm's alleged misconduct is unlawful in violation of Louisiana Revised Statute 22:1973 *et seq*.

23.    **Typicality.**  Plaintiffs' claims are typical of the claims of the Class Members to satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs settled third-party claims with Defendants during the class period. State Farm's misconduct centers on a uniform practice of failing to disclose the existence of the EAP program. Additionally, the factual underpinning of State Farms' misconduct is common to all Class Members and represents a common thread of misconduct resulting therefrom. Plaintiff's claims arise from identical practices and course of conduct that gave rise to the claims of the Class Members

and are based on identical legal theories. Further, since recovery of statutory penalties pursuant to the statute violated by State Farm (§22:1973(B)(1)) does not require proof of actual damages under Louisiana law, each class member seeks the same exact recovery, i.e., the $5,000 statutory penalty pursuant to §22:1973(C).

24. **Adequacy.** Plaintiffs will fairly and adequately protect the interests of the Class Members as required by Federal Rule of Civil Procedure 23(a)(4). Neither Plaintiffs nor their counsel have any interest in conflict with, or antagonistic to, the interests of the Class Members. Plaintiffs have retained highly competent and experienced class action counsel to represent their interests and those of the Class Members. Plaintiffs and their counsel have the necessary resources to litigate this class action, and are cognizant of applicable fiduciary duties to the Class Members and will diligently discharge those duties.

25. **Superiority.** A class action is superior to all other available methods of fairly and efficiently adjudicating the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3)because:

    (a)    The expense and burden of individual litigation make it economically unfeasible for Class Members to seek to redress their claims other than through the procedure of a class action;

    (b)    If separate actions were brought by individual Class Members, the resulting duplication of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

8

(c)     Absent a class action, Defendants would likely retain the benefits of their wrongdoing, and there would be a failure of justice.

26.     The prerequisites to maintaining a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) are met as questions of law or fact common to Class Members required under Federal Rule of Civil Procedure 23(a)(2) predominate over any questions that may only affect individual members.

27.     Alternatively, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

(a)     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants;

(b)     The prosecution of separate actions by individual Class Members would create a risk of adjudications as to them, which would, as a practical matter, be dispositive of the interests of the other members of the class not parties to the adjudication, or substantially impair or impede their ability to protect their interests; and

(c)     Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole and necessitating that any such relief be extended to Class Members on a mandatory, class-wide basis.

28.     Plaintiffs and their counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## **FIRST CLAIM FOR RELIEF**

(Violation of Louisiana Revised Statute §22:1973)

29. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint.

30. Louisiana Revised Statute 22:1973 *et seq.* sets forth certain rules and duties applicable to State Farm. The statute provides, in pertinent part:

> A. An insurer … owes to its insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or claimant, or both…
>
> B. Any of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
>
>> (1) ***Misrepresenting pertinent facts*** or insurance policy provisions ***relating to any coverages at issue***. (emphasis added)

31. A communication from an insurer that either states an untruth or fails to state the truth is contemplated by Louisiana Revised Statute 22:1973(B).

32. State Farm maintains a policy and practice of misrepresenting its available coverages in standard disclosures to Plaintiffs and third-party claimants, and to obfuscate, conceal, and misrepresent to Plaintiffs and third-party claimants the existence of EAP as well as the coverages and/or policy limits provided by EAP.

33. The existence and potential availability of EAP coverage in addition to the stated policy limits are pertinent facts to Plaintiffs and third-party claimants.

34. By misrepresenting to Plaintiffs and third-party claimants available and/or potentially available coverages in addition to stated policy limits, and by concealing from Plaintiffs and third-party claimants the existence of and truth regarding EAP, State Farm is

10

"misrepresenting pertinent facts…relating to any coverages at issue" in violation of Louisiana Revised Statute section 22:1973(B)(1) *et seq*.

35. State Farm's conduct is intended to, and does, provide it with an unfair advantage in the issuance of insurance policies, settlement leverage, and pecuniary gains.

36. Louisiana Revised Statute 22:1973(C) provides for statutory penalties to be assessed in favor of Class Members and against State Farm as a result of its violation of the statute:

> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater…

37. Louisiana law holds that proof of actual damages is not required for recovery of statutory penalties pursuant to Louisiana Revised Statute 22:1973. Having been subject to State Farm's violation of Louisiana Revised Statute section 22:1973, each Class Member is entitled to recover the noted $5,000 statutory penalty.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all others similarly situated, request that this Honorable Court enter judgment against State Farm, as follows:

1. Certifying the class, as requested herein;

2. Ordering that State Farm is financially responsible for notifying all Class Members of its violation of law;

3. Awarding each Class Member the $5,000 statutory penalty as provided in Louisiana Revised Statute section 22:1973 *et seq*.

4. Awarding declaratory and injunctive relief as permitted by law and/or equity,

including enjoining State Farm from continuing the unlawful practices as set forth herein;

5.  Awarding attorneys' fees and reasonable expenses of litigation in connection with the commencement and prosecution of this action pursuant to applicable law;

6.  Awarding any pre or post judgment interest available at law in connection with judgment in this action.

7.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury on all issues so triable.

Respectfully submitted,

**BARON & BUDD, P.C.**

BY:  s/J.Burton LeBlanc

J. Burton LeBlanc (Bar No. 20491) **L.A.**
bleblanc@baronbudd.com
David Cannella (Bar No. 26231)
Dcannella@baronbudd.com
Jeremiah Boling (Bar No. 34249)
jboling@baronbudd.com
**Baron & Budd, P.C.**
2600 Citiplace Drive, Suite 400
Baton Rouge, LA  70808
Tel:  (225) 927-5441
Fax:  (225) 927-5449

Roland Tellis (*to be admitted Pro Hac Vice*)
*California Bar No. 186269*
rtellis@baronbudd.com
**Baron & Budd, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA  91436
Tel: (818) 839-2333
Fax:  (818) 986-9698

| **AKERS & WISBAR, LLC** | **KLEINPETER & SCHWARTZBERG, L.L.C.** |
|---|---|
| Denise Nelson Akers (Bar No. 16781) | Robert E. Kleinpeter (Bar No. 07448) |
| denise@akerswisbar.com | rek@ksbrlaw.com |
| Rebecca K. Wisbar (Bar No. 17655) | Alan L. Schwartzberg (Bar. No. 11855) |

rebecca@akerswisbar.com
**Akers & Wisbar, LLC**
8280 YMCA Plaza Dr., Bldg. 8-C
Baton Rouge, LA  70810
Tel:   (225) 767-1003
Fax:  (225) 767-2280

alans@ksbrlaw.com
Hester R. Dornan (Bar No. 34525)
**Kleinpeter & Schwartzberg, L.L.C.**
6651 Jefferson Highway
Baton Rouge, LA  70806
Tel:  (225) 926-4130
Fax:  (225) 929-9817

**DUDLEY DEBOSIER**
**INJURY LAWYERS**

Chad Dudley (Bar No. 26868)
cdudley@dudleydebosier.com
Steven DeBosier (Bar No. 22331)
sdebosier@dudleydebosier.com
James Peltier (Bar No. 23893)
jpeltier@dudleydebosier.com
Lindsay Anderson (Bar No. 35760)
landerson@dudleydebosier.com
**Dudley DeBosier Injury Lawyers**
1075 Government Street
Baton Rouge, LA  70802
Tel.: (225) 379-3333
Fax:  (225) 379-3411

**LAW OFFICE OF DARRELL J. LOUP, LLC**

Darrell J. Loup (Bar No. 20926)
dloup@louplawoffice.com
**Law Office of Darrell J. Loup, LLC**
9270 Siegen Lane, Suite 601
Baton Rouge, LA  70810
Tel:  (225) 615-7887
Fax:  (225) 615-8297

*Counsel for Plaintiffs and the proposed Class Members*