UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RENEE PIPKINS, ET AL.

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.

CIVIL ACTION

NO. 16-83-SDD-EWD

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss[1] filed by defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm"). Plaintiffs have filed an opposition,[2] and State Farm has filed a reply.[3] For the reasons set forth herein, this court recommends[4] that State Farm's Motion to Dismiss be **GRANTED** without prejudice and, if granted, Plaintiffs be allowed fourteen (14) days from entry of the district court's order to file an Amended Complaint.

### I.   Background

On February 5, 2016, Plaintiffs, Shermecka Dubose and Renee Pipkins ("Plaintiffs"), individually and "on behalf of all other members of the public similarly situated" filed a Class Action Complaint against State Farm (the "Complaint").[5] The Complaint alleges that State Farm violated La. R.S. § 22:1973(B)(1), which prohibits an insurer from knowingly "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Specifically, Plaintiffs allege that State Farm uniformly conceals the existence of its Excess Assurance Program

---

[1] R. Doc. 20.

[2] R. Doc. 27.

[3] R. Doc. 32.

[4] *See*, 28 U.S.C. § 636(b)(1)(A).

[5] R. Doc. 1.

1

("EAP") from third party claimants.[6] Plaintiffs allege that "[t]he EAP program increases the amount of the insured's coverage up to the amount of any judgment entered, even if that amount is in excess of the disclosed policy limits."[7] Plaintiffs allege that "[i]t is State Farm's company policy to *never* disclose the existence of EAP to third-party claimants...."[8] Because Plaintiffs allege that this is a uniform policy/procedure, they seek to certify the following class: "All Louisiana residents who filed suit against a State Farm insured and whose claim was settled at or below State Farm's stated policy limits."[9]

With respect to the individually named Plaintiffs, the Complaint alleges that:

> Ms. Dubose was a third-party claimant in an action in which State Farm Fire misrepresented to Ms. Dubose pertinent facts concerning the amount of coverage available to its pertinent insured pursuant to a State Farm Fire policy prior to Ms. Dubose settling her third-party claim against State Farm Fire and its pertinent insured, with the settlement of said third-party claim evidenced by a Receipt and Release signed by Ms. Dubose in favor of State Farm Fire and its pertinent insured on June 15, 2015.[10]

> Ms. Pipkins was a third-party claimant in an action in which State Farm Auto misrepresented to Ms. Pipkins pertinent facts concerning the amount of coverage available to its pertinent insured pursuant to a State Farm Auto policy prior to Ms. Pipkins settling her third-party claim against State Farm Auto and its pertinent insured, with the settlement of said third-party claim evidence by a Receipt and Release signed by Ms. Pipkins in favor of State Farm Auto and its pertinent insured on April 29, 2015.[11]

Plaintiffs allege that "State Farm maintains a policy and practice of misrepresenting its available coverages in standard disclosures to Plaintiffs and third-party claimants, and to obfuscate, conceal,

---

[6] R. Doc. 1, ¶ 1.

[7] R. Doc. 1, ¶ 16.

[8] R. Doc. 1, ¶ 16.

[9] R. Doc. 1, ¶ 18.

[10] R. Doc. 1, ¶ 3.

[11] R. Doc. 1, ¶ 4.

2

and misrepresent to Plaintiffs and third-party claimants the existence of EAP as well as the coverages and/or policy limits provided by EAP."[12] Plaintiffs further allege that "[t]he existence and potential availability of EAP coverage in addition to the stated policy limits are pertinent facts to Plaintiffs and third-party claimants"[13] and that "[b]y misrepresenting to Plaintiffs and third-party claimants available and/or potentially available coverages in addition to stated policy limits, and by concealing from Plaintiffs and third-party claimants the existence of and truth regarding EAP, State Farm is 'misrepresenting pertinent facts…relating to any coverages at issue' in violation of Louisiana Revised Statute section 22:1973(B)(1) *et seq.*"[14] Plaintiffs assert that State Farm's "conduct is intended to, and does, provide it with an unfair advantage in the issuance of insurance policies, settlement leverage, and pecuniary gains."[15]

On April 14, 2016, State Farm filed the instant Motion to Dismiss.[16] Therein, State Farm moves to dismiss the Complaint for failure to state a claim upon which relief may be granted and failure to plead with particularity.[17] Reasoning that Plaintiffs' claim is "essentially a statutory fraud claim,"[18] and a claim that "sounds in fraud,"[19] State Farm argues that the heightened pleading standards of Fed. R. Civ. P. 9(b) should apply. However, State Farm asserts that even under the more liberal standard of Fed. R. Civ. P. 8(a), Plaintiffs' Complaint should be dismissed.[20] State

---

[12] R. Doc. 1, ¶ 32.

[13] R. Doc. 1, ¶ 33.

[14] R. Doc. 1, ¶ 34.

[15] R. Doc. 1, ¶ 35.

[16] R. Doc. 20.

[17] R. Doc. 20.

[18] R. Doc. 20-1, p. 4.

[19] R. Doc. 20-1, p. 4.

[20] R. Doc. 20-1, p. 5 ("This Complaint fails to satisfy the general pleading standard articulated by *Iqbal* and *Twombly*, much less Rule 9(b)'s heightened pleading threshold.")

3

Farm argues that while Plaintiffs generally allege that State Farm uniformly conceals the existence of EAP, Plaintiffs have not alleged "any *nexus* between the EAP program and either of the named Plaintiffs' claims…."[21] State Farm points out that there is no allegation that EAP applied to either of the Plaintiffs' claims nor is there an allegation regarding what the Plaintiffs were told regarding available policy limits.[22] Without an alleged connection between EAP and Plaintiffs' claims, State Farm argues that it is not plausible to infer any misrepresentation.[23]

In opposition to the Motion to Dismiss, Plaintiffs disagree that the heightened pleading standard of Fed. R. Civ. P. 9(b) applies[24] but assert that irrespective of the pleading standard imposed, Plaintiffs have adequately pled their claim.[25] Plaintiffs argue that the allegations set forth in the Complaint are sufficient to give State Farm adequate notice of their claims, especially where "the details of the EAP coverage are exclusively within the control of the Defendants."[26]

## II.  Law and Analysis

### A. Fed. R. Civ. P. 12(b)(6) and General Pleading Requirements

Generally, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted when the complaint does not state a viable claim for relief. To avoid dismissal, "a complaint must contain

---

[21] R. Doc. 20-1, p. 2. Emphasis in original.

[22] R. Doc. 20-1, p. 2 ("There is no allegation that the EAP program applied to either of the Plaintiffs' claims. There is no allegation that State Farm provided, or even considered providing excess assurance protection to either of the insureds against whom these Plaintiffs had liability claims. There is no allegation that either Plaintiff inquired about the EAP program in general or specifically as to their claims. There is no allegation at all as to what, if anything, was said about insurance coverage or available policy limits during the handling of either of the underlying claims or during the underlying litigation that resulted in settlements."). *See also*, R. Doc. 32, p. 4 ("Plaintiffs, however, failed to connect the dots on why the lack of disclosure of the EAP coverage policy impacts the Plaintiffs in any way. The Complaint did not allege that the EAP policy applied to Plaintiffs' claims.").

[23] R. Doc. 20-1, p. 6 ("For example, if the insured against whom Ms. Pipkins asserted a claim had $100,000 in State Farm liability coverage, with no assurance of excess protection provided on the claim, and State Farm represented that there was $100,000 in liability coverage for the claim, it would not be plausible to infer that a misrepresentation was made.")

[24] R. Doc. 27, pp. 2-3.

[25] R. Doc. 27, p. 3.

[26] R. Doc. 27, p. 4.

4

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In deciding whether the complaint states a valid claim for relief, [courts] accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). Courts, however, will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). The allegations set forth in the Complaint "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). *See also*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). *See also*, *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir.2008) (degree of required specificity depends on context, *i.e.*, the type of claim at issue).

"In addition to Rule 8(a)(2)'s pleading demands, Rule 9(b) supplements Rule 8(a), if fraud is alleged, by requiring circumstances allegedly constituting fraud to be stated with particularity." *Peaker Energy Group, LLC v. Cargill, Inc.*, 2015 WL 4879415, at * 6 (E.D. La. Aug. 14, 2015). *See also*, *Max Access, Inc. v. Gee Cee Co. of LA, Inc.*, 2016 WL 454389, at * 2 (E.D. La. Feb. 5, 2016) ("For claims alleging fraud, a Rule 12(b)(6) motion should be granted if the complaint fails to plead the conduct constituting fraud with particularity."); Fed. R. Civ. P. 9(b). The Fifth Circuit requires that a pleading of fraud set out the time, place, and contents of the false misrepresentation,

5

as well as the identity of the person making the misrepresentation and why the statements were fraudulent. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-178 (5th Cir. 1997). "'What constitutes 'particularity' will necessarily differ with the facts of each case….' 'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Benchmark Elec. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992) and *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Significantly, the Fifth Circuit has "acknowledged that 'Rule 9(b)'s ultimate meaning is context-specific,' and thus there is no single construction of Rule 9(b) that applies in all contexts. Depending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *U.S. ex rel Grubbs v. Kanneganti*, 565 F.3d 180, at 188 (5th Cir. 2009) (citing *Williams*, 112 F.2d at 178)).

Further, "Rule 9(b)'s requirements may be relaxed in certain circumstances, such as when the facts relating to the fraud are 'peculiarly within the perpetrator's knowledge.'" *Wagoner v. Exxon Mobil Corp.*, 2010 WL 3168382, at * 2 (E.D. La. Aug. 9, 2010) (citing *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (noting that while Rule 9(b) requirements may be relaxed in certain circumstances, "Doe has at no time alleged that he did not have access to facts relating to the fraud.")). *See also*, *U.S. ex rel Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999) ("We have held that when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the Rule 9(b) standard is relaxed, and fraud may be pled on information and belief, provided the plaintiff sets forth the factual basis for

6

his belief."); *U.S. ex rel Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F.Supp.2d 780, 806 (E.D. La. 2009) (noting that 9(b) requirements may be "relaxed no more than necessary, and only to the extent that [plaintiff] has specifically pleaded that this information is under the exclusive control of defendants and not available elsewhere….").

### B. Pleading Standard for Plaintiffs' Claims Pursuant to La. R.S. § 22:1973

As noted above, State Farm asserts that Plaintiffs' Complaint "sounds in fraud" and therefore the heightened pleading requirements of Fed. R. Civ. P. 9(b) must be met.[27] The Fifth Circuit has instructed that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). *See also*, *Alford v. Anadarko E&P Onshore, LLC*, 2014 WL 1612454, at * 8 (E.D. La. April 22, 2014) (same).

Under Louisiana law, fraud is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. Civil Code art. 1953. *See also*, *Guidry v. U.S. Tobacco Co., Inc.* 188 F.3d 619, 627 (5th Cir. 1999) ("The elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are: (a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury."). "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud even if the term 'fraud' is not used." *Wagoner v. Exxon Mobil Corp.*, 2010 WL 3168382, at * 2 (E.D. La. Aug. 9, 2010) (citing *In re Hollander*, 2009 WL 2707445, at * 4 (E.D. La. Aug. 25, 2009)).

---

[27] R. Doc. 20-1, p. 4.

Pursuant to La. R.S. § 22:1973, "an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." The statute goes on to state that if an insurer "knowingly" "misrepresents pertinent facts or insurance policy provisions relating to any coverages at issue," such act constitutes breach of the insurer's duties. La. R.S. § 22:1973(B)(1). *See also*, *Kelly v. State Farm Fire & Cas. Co.*, 169 So. 3d 328, 342 (La. 2015) ("A communication from the insurer that either states an untruth or fails to state the truth is contemplated by La. R.S. 22:1973(B)."); *McGee v. Omni Ins. Co.*, 840 So. 2d 1248, 1256 (La. App. 3 Cir. 2003) ("Misrepresentation can occur when an insurer either makes untrue statements to an insured concerning pertinent facts or fails to divulge pertinent facts to the insured.")

Here, Plaintiffs allege that State Farm's policy and practice is to misrepresent available or potentially available coverages by concealing the "existence of and truth regarding EAP" and that the "existence and potential availability of EAP coverage in addition to the stated policy limits are pertinent facts to Plaintiffs and third-party claimants."[28] Plaintiffs further assert that State Farm's conduct is intended to, and does, provide State Farm with "an unfair advantage in the issuance of insurance policies, settlement leverage, and pecuniary gains."[29] Although the parties do not cite, and this court was unable to find, any case law applying Rule 9(b)'s heightened pleading standard to claims made pursuant to La. R.S. § 22:1973(B)(1), Plaintiffs' allegation that State Farm has breached its statutory duties by making a knowing misrepresentation of pertinent facts in order to gain an unfair advantage does seem to be an averment of fraud, even if not named as such by Plaintiffs. Accordingly, the court finds that Fed. R. Civ. P. 9(b) applies to Plaintiffs' claims. *See*,

---

[28] R. Doc. 1, ¶¶ 32-34.

[29] R. Doc. 1, ¶ 35.

8

*Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) ("Claims alleging violations of the Texas Insurance Code…are subject to the requirements of Rule 9(b)."); *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) ("Rule 9(b) applies to all allegations that sound in fraud. In other words, Rule 9(b) looks beyond how the plaintiff phrases his or her complaint, and applies 'to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.'") (internal citation omitted).

### C. Adequacy of the Complaint

Having determined that the heightened pleading requirements of Fed. R. Civ. P. 9(b) should apply to the Complaint, the court next considers whether Plaintiffs' Complaint is sufficiently particular in light of the specific context of Plaintiffs' allegations. *See*, *U.S. ex rel Grubbs v. Kanneganti*, 565 F.3d 180, at 188 (5th Cir. 2009) (citing *Williams*, 112 F.2d at 178)). As noted above, State Farm asserts that the Complaint never makes the necessary connection between State Farm's alleged failure to disclose existence of EAP and applicability of EAP to Plaintiffs' claims.

Under La. R.S. § 22:1973(B)(1), when an insurer knowingly misrepresents "pertinent facts or insurance policy provisions relating to any coverages *at issue*," it has breached its duty under La. R.S. § 22:1973(A) (emphasis added). Here, Plaintiffs allege on one hand that State Farm has a uniform policy of never disclosing EAP, and on the other that the named Plaintiffs, Ms. Dubose and Ms. Pipkins, made and ultimately settled third party claims against State Farm. However, the Complaint does not allege that EAP was available or potentially triggered with respect to the named Plaintiffs' particular claims. Similarly, the Complaint does not allege that EAP is automatically applicable to any and all third party claims, and State Farm's briefing indicates that

9

EAP may not be available for every claim.[30]  Moreover, while the Complaint alleges that State Farm has a "policy and practice of misrepresenting its available coverages in standard disclosures," named Plaintiffs do not allege what standard disclosures or other communications they actually received and when EAP (if applicable) should have been disclosed to them. As currently drafted, the Complaint invites an *assumption* that the "pertinent facts" misrepresented to Ms. Dubose and Ms. Pipkins were related to the existence of EAP and that EAP was triggered for their particular claims. However, the Complaint does not explicitly make this connection; therefore, the court finds that the Complaint falls short of actually alleging that State Farm misrepresented a fact "at issue" as required under La. R.S. § 22:1973(B)(1).

Although raised in the context of a first party claim, the court finds *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 221558 (E.D. La. Jan. 27, 2005) instructive with respect to the sufficiency of Plaintiffs' Complaint. There, plaintiff filed a class action petition against Allstate insurance company and Allstate's agent/employee alleging that defendants purposefully engaged in a corporate scheme which included withholding payment of general contractors' overhead and profit on homeowner dwelling claims. *Id.* at * 1. Plaintiff alleged that defendants under-adjusted thousands of claims, including plaintiff's claim, "knowing that these policy holders were entitled to additional payments to compensate for contractors' overhead and profit...." *Id*. The petition further alleged that Allstate's "corporate silence in the face of a clear duty to make full disclosure of all applicable policy benefits and its refusal to pay the overhead and profit portions of Louisiana property owners' claims" was in bad faith under the Louisiana Insurance Code (including La. R.S. § 22:1220 – the previous version of the statute at issue in this suit). With respect to plaintiff's

---

[30] *See*, R. Doc. 20-1, p. 6 ("if the insured against whom Ms. Dubose asserted a claim had $15,000 in liability coverage for the relevant claim, with no excess assurance protective provided for that claim, and she was told that $15,000 was the limit of coverage, it would not be plausible to infer any misrepresentation.")

specific claim, the petition alleged that "Allstate…failed to inform [plaintiff] that…she was clearly entitled to compensation for contractors' overhead and profit. Consequently, Allstate…fraudulently withheld from [plaintiff] important information pertinent to her claim." *Id*. The *Edwards* court ultimately granted defendants' Rule 12(b)(6) motion, and dismissed the petition without prejudice, finding that the petition failed to meet the pleading requirements of Fed. R. Civ. P. 8(a).[31] *Id*. at *2. In so holding the *Edwards* court explained that "plaintiff fails to identify or even allege any facts or circumstances that would demonstrate the need for a general contractor's overhead and profit costs of [plaintiff's] specific claim…..The facts or the circumstances which are necessary to give rise to the claim that a general contractor was necessary due to the specific damages to [plaintiff's] home are not adequately alleged." *Id*. at * 3.

Similar to the situation in *Edwards*, while Plaintiffs allege that an insurer defendant withheld pertinent information regarding potential coverage, they fail to identify or allege facts or circumstances that would demonstrate the applicability of EAP to their specific claims. Accordingly, the court finds that Plaintiffs' Complaint fails to adequately plead the alleged facts related to each named Plaintiffs' claim (*i.e.*, the availability of EAP for the particular claim and whether EAP was potentially "at issue," State Farm's communications with each Plaintiff, or whether Plaintiffs' claims potentially triggered EAP even if available under the insured's policy). *See*, *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 221558 (E.D. La. Jan. 27, 2005). *See also*, *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) ("the Plaintiffs

---

[31] The *Edwards* court did not analyze, and it does not appear that the parties raised, the potential applicability of Fed. R. Civ. P. 9(b). Pursuant to *Edwards*, the Complaint here does not appear to meet even the more liberal pleading requirements of Fed. R. Civ. P. 8(a).

11

fail to allege the circumstances that would necessitate making such disclosures, such as when and where these disclosures should have been made.").[32]

### D. Leave to Amend the Complaint

In their Opposition, Plaintiffs state that "[t]o the extent the Court is inclined to grant Defendants' motion Plaintiffs seek leave to amend their complaint."[33] The Fifth Circuit has made clear that "Rule 15(a) requires a trial court 'to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Moreover, "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, this court recommends that Defendants' Motion to Dismiss be **GRANTED** without prejudice. In the event the recommendation granting the Motion to Dismiss is adopted, the undersigned further recommends that Plaintiffs be granted leave to amend their Complaint.

---

[32] Although Plaintiffs assert in their opposition that the Complaint should be subject to a relaxed pleading standard when facts are exclusively in the control of Defendants, Plaintiffs have also not specifically or adequately pled that information. *See*, *U.S. ex rel Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999) ("We have held that when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the Rule 9(b) standard is relaxed, and fraud may be pled on information and belief, provided the plaintiff sets forth the factual basis for his belief."), *abrogated on other grounds*, *U.S. ex rel Eisenstein v. City of New York, New York*, 556 U.S. 928 (2009); *U.S. ex rel Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F.Supp.2d 780, 806 (E.D. La. 2009) (noting that 9(b) requirements may be "relaxed no more than necessary, and only to the extent that [plaintiff] has specifically pleaded that this information is under the exclusive control of defendants and not available elsewhere....").

[33] R. Doc. 27, p. 2, n. 1.

### III.     Conclusion

For the reasons set forth herein, it is the recommendation of this court that State Farm Mutual Insurance Company's and State Farm Fire and Casualty Company's Motion to Dismiss be **GRANTED** without prejudice. It is further the recommendation of this court that if the Motion to Dismiss is granted, Plaintiffs be allowed fourteen (14) days from entry of the district court's order to file an Amended Complaint.

Signed in Baton Rouge, Louisiana, on August 17, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**