**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RENEE PIPKINS, ET AL. | CIVIL ACTION |
| VERSUS | 16-83-SDD-EWD |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL. | |

**RULING**

The motion before the Court is a *Motion for Judgment on the Pleadings* filed by the Defendants, State Farm Mutual Automobile Insurance Company, et al. ("State Farm").[1] Plaintiffs, Renee Pipkins, et al. ("Plaintiffs") have filed an *Opposition*,[2] to which Defendants have filed a *Reply*.[3] For the following reasons, State Farm's motion will be DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs, Shermecka Dubose ("Dubose") and Renee Pipkins ("Pipkins"), are both third-party claimants in an action with State Farm.[4] Plaintiffs argue that State Farm violated La. R.S. § 22:1973(B)(1) when it failed to disclose the existence of its Excess Assurance Protection program ("EAP program") when they each negotiated Receipt and Releases ("Releases") with State Farm.[5] According to Plaintiffs:

> The EAP program provides for an increase in the policy limits available to a claimant, it does not create any new category of

---

[1] Rec. Doc. 68.
[2] Rec. Doc. 73.
[3] Rec. Doc. 76.
[4] Rec. Doc. 63, p. 1.
[5] *Id.* at p. 2.
41183

> coverage like earthquake or flood insurance which must be triggered in any way independent of State Farm's unilateral, subjective decision. EAP is automatically applicable to any and all third party claims, including those of Plaintiffs and the class members.[6]

Plaintiffs contend that the existence of the EAP program is a pertinent fact concerning the amount of policy coverage for a State Farm insured which must be disclosed in settlement negotiations.[7]

State Farm now moves for a judgment on the pleadings alleging that the *Complaint* lacked "allegations of fact plausibly establishing a nexus between the EAP program and either of the named Plaintiffs' claims."[8] State Farm avers that the *Amended Complaint* "attempts to cure the original Complaint by conclusory alleging that the existence of the EAP program is a 'pertinent fact' that must be disclosed by State Farm 'to all third party claimants,' regardless of whether State Farm's EAP program applies to that underlying case."[9] State Farm additionally argues that the Plaintiffs waived their claims under La. R.S. § 22:1973(B)(1) when they executed Releases to settle their underlying claims against State Farm's insureds.[10]

## II. LAW AND ANALYSIS

### A. Motion for Judgment on the Pleadings Standard

State Farm moves for Judgment under Rule 12(c) of the Federal Rules of Civil Procedure. A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated on the same basis as a motion to dismiss under Rule

---

[6] Rec. Doc. 63, p. 2.
[7] Rec. Doc. 63, pp. 3-4.
[8] Rec. Doc. 68-1, p. 2.
[9] *Id.* at p. 3.
[10] *Id.* at p. 7.
41183

12(b)(6).[11]

In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[12] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[14] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In order to satisfy the plausibility standard, the plaintiff must show "more than

---

[11] *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)(citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[13] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929(2007)).
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations and brackets omitted)(hereinafter *Twombly*).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[17] *Id.*

41183

a sheer possibility that the defendant has acted unlawfully."[18] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[19] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[20]

### B. Plaintiffs' EAP Claims

In a certified question from the Fifth Circuit Court of Appeals, the Louisiana Supreme Court in *Kelly v. State Farm Fire & Casualty Company* held:

> An insurer can be found liable under La. R.S. 22:1973(B)(1) for misrepresenting or failing to disclose facts that are not related to the insurance policy's coverage; the statute prohibits the misrepresentation of "pertinent facts," without restriction to facts "relating to any coverages."[21]

The Court in *Kelly* further held: "We must, therefore, apply the word "or" disjunctively, meaning that an insurer can be liable for misrepresenting[22] either: 1) pertinent facts, or 2) insurance policy provisions relating to any coverages at issue."[23] In order to survive State Farm's 12(c) motion, Plaintiffs must allege that State Farm's failure to disclose the EAP program was a misrepresentation of a pertinent fact or a misrepresentation of insurance policy provisions relating to any coverages at issue. Here, Plaintiffs allege that State Farm's failure to disclose EAP was a misrepresentation of pertinent fact. In Paragraph 1 of their *Amended Compliant*,[24] the Plaintiffs explicitly plead:

> The existence and availability of State Farm's EAP program as well as the terms and conditions of its EAP program are

---
[18] *Id.*
[19] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[20] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[21] 14-1921 (La. 5/5/15); 169 So.3d 328, 343-44.
[22] Per the *Kelly* Court, under 22:1973(B) a misrepresentation includes an omission.
[23] *Id.* at 343-44.
[24] Rec. Doc. 61, p. 2.
41183

> "pertinent facts" that State Fam is obligated to disclose to all third party claimants per the mandates of [La. R.S. ¶ 22:1973(B)(1)] and the Louisiana Supreme Court's ruling in *Kelly*. By failing to disclose to third party claimants the existence of the EAP program and the terms and conditions of the EAP program, State Farm gains an improper advantage in the negotiation of disputed claims asserted by third-party claimants.[25]

The Defendants contend, "[a]t most, *Kelly* can aid Plaintiffs in establishing that the EAP program could give rise to liability *if* EAP had actually been presented to an insured and *if*, under the facts and circumstances of that individual case, EAP became a pertinent fact."[26] Defendants further aver that, "*Kelly* does not impose a requirement that insures disclose immaterial facts that have no application to the claim at hand."[27] Here, Plaintiffs have clearly alleged "that the EAP program increased the available policy limits applicable to the claim[s] made by [Plaintiffs], [and] gave State Farm an unfair advantage in its settlement negotiations with [Plaintiffs]."[28] The Court cannot grant State Farm's 12(c) motion merely on its assertion that the EAP program is not a pertinent fact in the present case.

Furthermore, Plaintiffs plead that EAP operates to increase the policy limits of State Farm insureds available to third party claimants. According to the *Amended Complaint*, the named Plaintiffs, settled their claims against State Farm and its insureds for the policy limits.[29] The allegations that the named Plaintiffs settled for policy limits together with the allegation that EAP operates to increase available policy limits, plausibly

---

[25] *Id.* at ¶ 1.
[26] Rec. Doc. 68-1, p. 6 (emphasis original).
[27] *Id.*
[28] Rec. Doc. 61, p. 4, ¶ 5, ¶ 6.
[29] Plaintiff Pipkins settled for the policy limits of $100,000.00 Plaintiff Dubose settled for $15,629.22 on a policy limits of $15,000.00. *See* Rec. Doc. 63, p. 3, ¶ 5 p. 4, ¶ 6.
41183

states a nexus between the EAP and the named Plaintiffs under *Twombly.* Accordingly, the Court finds that Plaintiffs have satisfied the plausibility pleading requirement for their claims under La. R.S. 22:1973 as interpreted by the Louisiana Supreme Court in *Kelly*.

### C. Plaintiffs' Waivers

State Farm argues that the Releases[30] executed by the Plaintiffs bar their present claims.[31] In the Release executed by Pipkins, she waived "any and all claims for bad faith claims in handling under LSA-RS 22:1892 and LSA-RS 22:1973"[32] for a settlement of $100,000. Dubose also released State Farm "from any further claims, demands, actions or causes of action" including "any and all claims for statutory penalties" for a settlement of $15, 629.22.[33] State Farm was a party to both Releases signed by Pipkins and Dubose and may, as a matter of Louisiana law, assert *res judicata* based upon the compromise agreement.[34] Given that the agreement between the two parties provided that State Farm would be released from any claims for bad faith handling of claims, and the current case is based on such a claim, on its face, the Releases would bar the present case.

Plaintiffs counter that the Releases do not bar their current claims "[b]ecause information about EAP program coverages is unavailable to third-party claimants – indeed it is concealed from them by State Farm – third party claimants cannot form the requisite intent to waive their Section 22:1973(B)(1) claims premised on those same State Farm misrepresentations."[35] Plaintiffs further aver that "these releases are insufficient in scope

---

[30] Rec. Doc. 68-3, Rec. Doc. 68-2.
[31] Rec. Doc. 68-1, p. 7.
[32] Rec. Doc. 68-3, p. 4.
[33] Rec. Doc. 68-2, p. 2.
[34] *Ortego v. State, Dep't of Transp. and Dev.*, 96-1322 (La. 2/25/97), 689 So.2d 1358, 1363. *See Garrison v. James Const. Group, LLC.*, 14-0761 (La. App. 1. Cir. 5/6/15), 174 So.3d 15, 20. *See also* La. C.C. Art. 1948.
[35] Rec. Doc. 73, p. 8.
41183

to apply to the claims here related to the EAP program because State Farm made affirmative misrepresentations to third-party claimants concerning the available coverage and knowingly concealed the actual coverage available."[36]

As the Louisiana Fifth Circuit Court of Appeal noted in *Silva v. State Farm Mutual Automobile Insurance* Company, "a release executed in exchange for consideration is a compromise,"[37] and "is governed by the same general rules of construction applicable to contracts."[38] As a matter of Louisiana law, consent, a necessary element to the formation of a contract, "may be vitiated by error, fraud, or duress."[39] The Louisiana Fifth Circuit Court of Appeals in *Smith v. Remodeling Service, Inc.*, held: "Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party."[40] Here, the Plaintiffs argue that they were "entitled to rely on [the disclosure of the EAP program] in executing any release."[41] Because Plaintiffs' *Amended Complaint* alleges that necessary information, the EAP program, was withheld when the Releases were executed, and such information was essential to their consent to the Releases, the Court finds that Plaintiffs have plead sufficient facts to survive a Rule 12(c) challenge.

---

[36] *Id.*
[37] 09-686 (La. App. 5 Cir. 3/23/10), 38 So.3d 934, 937.
[38] *Id.*
[39] *Smith v. Remodeling Service, Inc.*, 94-589 (La. App. 5 Cir. 12/14/94), 648 So.2d 995, 998.
[40] *Id.*
[41] Rec. Doc. 73, p. 8.
41183

## III. CONCLUSION

For the reasons stated above, State Farm's *Motion for Judgment on the Pleadings* is DENIED.[42]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 21, 2017.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[42] Rec. Doc. 68.
41183